UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORMA MORALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-11-CV-0947-XR |
| | ) |
| CORINTHIAN COLLEGES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On this date, the Court considered Defendant's Motion for Discovery Sanctions. (Docket No. 14). For the reasons explained below, Defendant's motion is DENIED. The parties are ORDERED to provide to the Court by August 6, 2012 a joint advisory informing the Court as to whether any scheduling order deadlines need to be extended in order to provide Defendant an opportunity to complete discovery. Plaintiff is advised that failure to confer with Defendant's counsel or otherwise comply with this order, may result in dismissal of her case.

**Background**

On November 11, 2011, Plaintiff filed a complaint in this Court against Defendant Corinthian Colleges, Inc., alleging claims for sexual harassment, fraud, and negligence. On July 10, 2012, Defendant filed a Motion for Discovery Sanctions alleging that Plaintiff has failed to comply with Court orders regarding discovery disclosure and deadlines, and asking the Court to dismiss the case. On July 13, 2012, the Court issued an order to show cause as to why Plaintiff's case should not be dismissed. Plaintiff, who is proceeding *pro se*, filed a response on July 20,

2012.

### Defendant's Motion for Sanctions

On July 10, 2013, Defendant filed a Motion for Discovery Sanctions asking the Court to dismiss Plaintiff's case.  In that motion, Defendant notes that the Court's Scheduling Order (docket no. 8) in this case required the parties to serve Rule 26(a)(1) Disclosures on the opposing party no later than January 31, 2012.  Defendant alleges that Plaintiff did not serve disclosures to Defendant.  As a result, Defendant states that on March 29, 2012, Defendant conferred in writing with Plaintiff and requested that she comply with the Court's Order and serve her disclosures as soon as possible.  Defendant asserts that Plaintiff failed to file her initial disclosures.

Defendant alleges that it served Plaintiff its First Requests for Production and First Set of Interrogatories on April 4, 2012.  Plaintiff failed to respond, and Defendant filed a motion to compel on May 31, 2012.  (Docket No. 11).  Defendant asserts that after being served with the motion, Plaintiff served hand-written partial responses to Defendant's discovery requests. According to Defendant, the responses are inadequate.  On June 15, 2012, the Court issued an Order granting Defendant's motion to compel, and directing Plaintiff to serve her Initial Disclosures, produce all documents responsive to Defendant's First Requests for Production and fully respond to Defendant's First Set of Interrogatories on or before June 29, 2012. (Docket No. 12).  Defendant alleges that Plaintiff failed to comply with this Order.

Defendant alleges that on June 29, 2012, it sent another conference letter to Plaintiff, again seeking her cooperation and compliance with the Court's previous order.  On July 9, 2012,

Defendant states that Defendant's counsel met with Plaintiff in an attempt to confer and resolve these issues.  Defendant asserts that at the meeting Plaintiff produced a handful of documents, most of which Defendant alleges are unrelated to her claims.  Defendant further asserts that Plaintiff did not produce revised responses to Defendant's discovery requests and did not provide any Rule 26 disclosures.

Defendant notes that pursuant to the Court's Scheduling Order, discovery in this matter is scheduled to close on July 20, 2012.  Defendant states that because of Plaintiff's refusal to adequately participate in the discovery process, Defendant has been unable to adequately prepare to depose the Plaintiff or to gather information regarding her claims through other discovery methods.  Defendant filed a Motion for Discovery Sanctions asking the Court to dismiss the case.  On July 13, 2012, the Court issued an order to show cause as to why Plaintiff's case should not be dismissed.  Plaintiff filed a response on July 20, 2012.

### Plaintiff's Response to Defendant's Motion for Sanctions

On July 20, 2012, Plaintiff, who is proceeding *pro se*, filed a response to Defendant's Motion for Sanctions and this Court's July 13 Order to Show Cause.  In her response, Plaintiff states that the "purpose of this letter is to notify you of my claims and to propose a negotiated resolution."  She further states that she received this Court's order indicating that her case may be dismissed, and asks "if I may please have an extension."  Plaintiff indicates that she forgot to provide certain documents to Defendant's counsel, but indicates that she would like to provide them.  Finally, she states that for this reason she would like "an extension to find out what else [Defendant's counsel] pertaining [sic] to what other documents he needs that he said he did not

receive." Plaintiff did not respond to Defendant's allegations that she did not provide supplemental interrogatory responses or Rule 26 disclosures.

**Analysis**

Defendant's Motion for Sanctions asks this Court to dismiss Plaintiff's case. However, the Court notes that Plaintiff is proceeding *pro se*, and based on her response to the Court's show cause order, she is at least attempting to prosecute her case. The Court therefore declines to dismiss Plaintiff's case at this time, and instead ORDERS the parties to confer by August 6, 2012 regarding Defendant's discovery requests, and any extensions to this Court's current scheduling order that may be needed. In that conference, Plaintiff is DIRECTED to make arrangements to serve Defendant with her Rule 26 Disclosures and to provide Defendant with any required supplemental documents or interrogatory responses. The parties are further ORDERED to submit a joint advisory by August 6, 2012 informing the Court of the outcome of this conference.

The Court further notes that despite the fact that Plaintiff is proceeding *pro se*, she is still required to comply with all Court orders and discovery requests. Federal Rule of Civil Procedure 37 provides, in relevant part:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

>    (iii) striking pleadings in whole or in part;
>
>    (iv) staying further proceedings until the order is obeyed;
>
>    (v) dismissing the action or proceeding in whole or in part;
>
>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Plaintiff is warned that failure to comply with this Court's order, or any future discovery orders or deadlines, may result in this Court issuing one of the above-listed sanctions, including dismissal of Plaintiff's case.

Plaintiff is further advised that under some circumstances, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or to comply with any order of the court. *See* FED. R. CIV. P. 41(b); *Link*, 370 U.S. at 630 ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."). If Plaintiff repeatedly fails to comply with this Court's orders, or any future discovery requests and scheduling deadlines, the Court may interpret this conduct as failure to prosecute, and dismiss her case.

**Conclusion**

Defendant's Motion for Sanctions (docket no. 14) is DENIED. The Court ORDERS the parties to confer by **August 6, 2012** regarding Defendant's discovery requests, and whether any

extensions to this Court's current scheduling order are needed. In that conference, Plaintiff is DIRECTED to make arrangements to serve Defendant with her Rule 26 Disclosures and to provide Defendant with any required supplemental documents or interrogatory responses. The parties are further ORDERED to submit a joint advisory by **August 6, 2012** informing the Court of the outcome of this conference.

    It is so ORDERED.

    SIGNED this 24th day of July, 2012.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE